UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:20-cv-80195-RS

LINDA WEINER,                              15TH JUDICIAL CIRCUIT Case No.:
                                           502019CA014211XXXXMB

     Plaintiff,

vs.

TARGET CORPORATION d/b/a
TARGET, a foreign corporation and
JANE DOE, as Store Manager,

     Defendants.

_____/

**PLAINTIFF'S MOTION TO FOR LEAVE TO AMEND COMPLAINT BY
SUBSTITUTION OF PARTIES AND MOTION FOR REMAND WITH
MEMORANDUM IN SUPPORT THEREOF**

Plaintiff, LINDA WEINER, by and through the undersigned counsel, and pursuant to 28 U.S.C. § 1447, hereby files this Motion for Leave to Amend Complaint by Substitution of Parties and Motion for Remand with Memorandum of Law In Support Thereof, in response to the Notice of Removal filed by the Defendant, TARGET CORPORATION ("TARGET") and in support states:

**I.      UNDISPUTED FACTS/BACKGROUND**

1.      This case arises out of a slip and fall accident on September 13, 2019, in which Plaintiff, LINDA WEINER, was injured as a result of the negligence of Defendant, TARGET, and of the store manager, Defendant, JANE DOE, at the Target retail store in Boca Raton, Florida (the "subject accident").

1

2.      Plaintiff filed her two-count complaint with the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on or about November 4, 2019, alleging the negligence of Walgreens and of the store manager. [D.E. 2][1]

3.      Between the filing of the initial Complaint and the drafting of this motion, Plaintiff learned from Defendant's Response to Plaintiff's Interrogatories, that Defendant, JANE DOE, is in fact Michael Vagnone, of Palm Beach County, Florida.

4.      Counsel for Plaintiff attempted to get consent from defense counsel to amend the pleadings to name Michael Vagnone as the person identified in the Complaint as JANE DOE.  Having received no response form defense counsel, Plaintiff was prepared to file a motion to amend he pleadings to name the now identified store manager. Plaintiff was unable to file the motion based upon the removal of this action to this Court.

5.      On or about February 11, 2019, Defendant, TARGET, removed this matter to the United States District Court for the Southern District of Florida asserting that diversity jurisdiction exists.

6.      Plaintiff now seeks to substitute Michael Vagnone for Defendant, JANE DOE, as the true identity of the store manager has been learned.

7.      Additionally, Plaintiff moves this Court to remand this action to state court due to the lack of complete diversity of the parties.

---

[1] For identification, D.E. should be considered an abbreviation for Defendant's Exhibits with the corresponding number relating to that specific Exhibit attached to Defendant's Notice of Removal with Incorporated Memorandum of Law.

II.      **STANDARD OF REVIEW**

**Motion to Remand to State Court**

"In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal court are obligated to strictly construe the statutory grant of diversity jurisdiction …[and] to scrupulously confine their own jurisdiction to the precise limits which the statue has defined." *Morrison v. Allstate Indem. Co.,* 228 F.3D 1255, 1268 (11 Cir. 200) (citations omitted).  Specifically, in order to permit the removal and deny any motion to remand, this Court must make a finding that there is (1) complete diversity and (2) that the amount in controversy exceeds $75,000.00.  *Castellanoes v. Target Corp.,* 20111 U.S. Dist. LEXIS 12929 (S.D. Fla. 2011).

All doubts about removal must be resolved in favor of remand. *Allen v. Christenberry,* 327 F.3d 1290, 1293 (11th Cir. 2003). Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed. 2d 391 (1994), which only possess power that is authorized by the Constitution and by statutes. *Id.* There is a presumption that a case lies outside this limitation and the burden of establishing the contrary rests on the party asserting jurisdiction.  *Id.* A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction. *Miedema v. Maytag Corporation,* 450 F.3d 1322, 1330 (11th Cir. 2006); *Lowery v. Alabama Power Company,* 483 F.3d 1184, 1207 (11th Cir. 2007). Specifically,

the Southern District and the 11th Circuit have held that regarding "diversity jurisdiction" that as a general rule, this requires complete diversity meaning every plaintiff must be diverse from every defendant. *Martinez v. Ethicon Endo-Surgery, Inc.,* 2011 U.S.Dist.  LEXIS 30727 (S.D. Fla. 2011); *see also Palmer v. Hosp. Auth.,* 22 F.3d 1559, 1564 (11th Cir.1994).  Accordingly, a removal notice should be strictly construed against removal, and all doubts should be resolved in favor of remand. *Shamrock Oil & Gas v. Sheets,* 331 U.S. 100 (1941); *Butler v. Polk,* 592 F.2d. 1293 (5th Cir. 1979); and *Paxton v. Weaver,* 553 F. 2d. 936 (5th Cir. 1977).

### III.   <u>ANALYSIS</u>

This case should be remanded back to state court due to the Plaintiff's proposed Motion to Amend Complaint for Substitution naming **Michael Vagnone** as the true Defendant, JANE DOE, a non-diverse Defendant. Defendant, JANE DOE, the convenience store manager, was named in the initial Complaint and a count of negligence was brought against her. Unlike many Motions for Remand this Court undoubtedly receives, Plaintiff is not seeking to add a new, non-diverse defendant now that the case has been removed to Federal Court, but rather, substitute the correct name for the Defendant store manager who was named in the Complaint at the very onset. Defendant, TARGET, knew that the Defendant, JANE DOE, was not a *fictitious* defendant and that this case would need to be remanded to state court.  Had Defendant TARGET cooperated with Plaintiff while this matter was within the state

4

court, Plaintiff would have substituted the now known store manager for JANE DOE stated in the pleadings.

In *Tynes v. Target Corp.,* No. 12-24302-CIV, 2013 WL 1192355, *1 (S.D. Fla. March 322, 2013) the plaintiff did not move to amend the complaint to substitute the "John Doe" defendant with the actual Target employee, thus leaving the Court with "little choice in disregarding Tynes 'incomplete diversity' argument". *Id.* In its opinion, the Court held the plaintiff should have obtained an order to amend the complaint before seeking for remand. *Id.* The case at bar is distinguishable because the Plaintiff is requesting the Court to allow leave to amend by substitution rather than remanding to the state court and then moving for leave to amend as in *Tynes.*

With the presence of the genuine necessity of substituting Michael Vagnone for Defendant, JANE DOE, as described above, this case is appropriately heard by the state court. It is well settled that once a district court permits joinder of a non-diverse defendant, subject matter jurisdiction is destroyed and the case must be remanded back to state court. *See Ingram v. CSX TRANSP., Inc.,* 146 F.3d 858, 861 (11th Cir. 1998). In *Ingram,* the Eleventh Circuit explained, '[i]t is axiomatic that the lack of complete diversity between the parties deprives federal courts of jurisdiction over a lawsuit." *Id.* at 861.

"When complete diversity exits, the district court has subject matter jurisdiction. 28 U.S.C. § 1332(a). However, if the plaintiff(s) and defendant(s) in a case are not 'citizens of different states,' jurisdiction cannot be based upon 28 U.S.C. § 1332(a). Furthermore, '[i]f at any time before final judgement it appears that the

district court lacks subject matter jurisdiction, the case *shall* be remanded.' 28 U.S.C. §1447(c) (emphasis added). As such, if an unknown part becomes known, and complete diversity is destroyed, the Court must remand the case to state court." *Caywood v. Anonymous Hosp.,* 886 D. Supp. 2d 1001, 1004 (S.D. Ind. 2012).

## IV.   CONCLUSION

The Defendant JANE DOE was known to Defendant TARGET.  Had Defendant cooperated with the Plaintiff, the substitution of Michael Vagnone for JANE DOE would have taken place in the state court proceeding. If the Court grants the current motion for substitution, complete diversity will not exist and this court will lack jurisdiction to hear this matter.

WHEREFORE, based upon the argument presented and the authorities cited, Plaintiff, LINDA WEINER, requests this Court to enter an Order granting Plaintiff's Motion for Leave to Amend Complaint by Substitution of Parties to replace JANE DOE with Defendant MICHAEL VAGNONE and to remand this case back to the 15th Judicial Circuit in and for Palm Beach County, Florida, for additional proceedings and resolution of the pending matter.

Respectfully, submitted,

*/s/ Lawrence A. Levine*
LAWRENCE A. LEVINE, ESQ
FBN 193185

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed electronically and was sent by E-Mail from the Florida Court's E-Filing Portal to: Jon D. Derrevere, (jdd@derreverelaw.com) DERREVERE STEVENS BLACK & COZAD, 2005 Vista Parkway, Suite 210, West Palm Beach, FL 33411, this 27th day of February, 2020.

LAW OFFICES OF ANIDJAR & LEVINE, P.A.
Attorney for Plaintiff
300 SE 17th Street
Fort Lauderdale, Florida 33316
Phone (954) 525-0050/Fax (954) 525-0020


By:      /s/ Lawrence A. Levine
LAWRENCE A. LEVINE, ESQ.
Florida Bar No:  1983185